UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BMO HARRIS BANK, NATIONAL ASSOCIATION,<br><br>              Plaintiff,<br>      v.<br><br>CHARLES S. BONAN and<br>CAROL Q. BONAN,<br><br>              Defendants. | Case No. 5:13-cv-05929-PSG<br><br>**ORDER GRANTING-IN-PART BMO'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>**(Re: Docket No. 19)** |

Pending before the court is Plaintiff BMO Harris Bank National Association's motion to strike Defendants Charles and Carol Bonans' affirmative defenses.[1] The docket reflects the Bonans have not filed an opposition. The court finds the matter suitable for disposition on the papers pursuant to the local rules.[2]

---

[1] *See* Docket No. 19.

[2] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call."). In the interest of advancing the case, the court dispenses with preliminaries and turns immediately to the motion before it. In short, the Bonans secured a $1.5M loan to purchase real property to build their dream home, but their dreams have not materialized. The Bonans now are in default and BMO initiated this foreclosure action.

1
Case No. 5:13-cv-05929-PSG
ORDER GRANTING-IN-PART BMO'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

# I. LEGAL STANDARDS

## A. The Federal Rules Permit a Failure to State a Claim as an Affirmative Defense

BMO urges the Bonans' affirmative defense for failure to state a claim is not an affirmative defense.[3] "Although such a defense is permitted by Fed. R. Civ. P. 12(h)(2), there is a split of authority in this District as to whether it is simply a denial of the complaint's allegations and not a separate affirmative defense."[4] Because the Federal Rules expressly permit it, Defendants' motion to strike the failure to state a claim defense is not warranted.

## B. Defendants' California Consumer Legal Remedies Act ("CLRA") Affirmative Defense Challenges a Transaction Subject to Exemption

BMO argues that the Bonans' affirmative defense for an alleged violation of the CLRA fails because the disputed transaction is exempt under California Civil Code Section 1754. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services" to any consumer.[5] But Section 1754 provides:

> The provisions of this title shall not apply to any transaction which provides for the construction, sale, or construction and sale of an entire residence or all or part of a structure designed for commercial or industrial occupancy, with or without a parcel of real property or an interest therein, or for the sale of a lot or parcel of real property, including any site preparation incidental to such sale.[6]

---

[3] *See Scott v. Fed. Bond & Collection Serv., Inc.*, Case No. 5:10-cv-02825-LHK, 2011 WL 176846, at *6 (N.D. Cal. Jan. 19, 2011) ("Defendant's first affirmative defense, based on failure to state facts sufficient to constitute a claim or cause of action, is better understood as a denial of Plaintiff's allegations rather than an affirmative defense.").

[4] *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 945 (N.D. Cal. 2012) (*comparing J & J Sports Prods. v. Coyne*, Case No. 3:10-cv-04206-CRB, 2011 WL 227670, at *2 (N.D. Cal. Jan. 24, 2011) (striking failure-to-state-a-claim affirmative defense "with prejudice because this defense is another way of denying liability"), *with Valley Community Bank v. Progressive Cas. Ins.*, Case No. 5:11-cv-00574-JF, 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011) ("Although Valley argues that failure to state a claim is not a proper affirmative defense, Federal Rule of Civil Procedure 12(h)(2) provides that failure to state a claim upon which relief may be granted is a defense that may be raised in any pleading allowed or ordered under Federal Rule of Civil Procedure 7(a); one of the pleadings allowed under Rule 7(a) is an answer.")).

[5] Cal. Civ. Code § 1770(a).

[6] Cal. Civ. Code § 1754.

The case law suggests that the court must engage with the facts of the case to determine whether the exception is applicable.[7]  The magnitude of the lender's involvement and the sophistication of the loan product offered to the consumer thus are relevant to a determination of whether the CLRA, or its exception, applies.[8]  Because the complaint does not speak to deep lender involvement or the marketing of a sophisticated loan product, the application of the CLRA is not warranted – the facts of this case fall within the statutory exemption such that the defense must be struck.  Because the court is not yet persuaded, however, that amendment would be futile, leave to amend this affirmative defense is warranted.[9]

### C. The Bonans' Attempt to Reserve Future Affirmative Defenses Must be Struck Without Leave to Amend

The Bonans raise "a further affirmative defense to the Complaint" that they presently lack "information on which to for a belief as to whether it may have additional defenses not stated"

---

[7] *See Hernandez v. Hilltop Fin. Mortgage, Inc.*, 622 F. Supp. 2d 842, 851 (N.D. Cal. 2007) ("In sum, the Court concludes the CLRA is applicable to the facts alleged here because defendants' actions, advising plaintiffs and managing their loan, constituted 'services' as defined by § 1761(b).").

[8] *See id.*

> However, plaintiffs did not seek just a loan; they sought defendants' services in developing an acceptable refinancing plan by which they could remain in possession of their home. Thus, unlike in *Berry v. Am. Exp. Publ'g, Inc.*, 147 Cal. App. 4th 224 (2007), the situation in the present case involves more than the mere extension of a credit line. Instead, the circumstances here deal not just with the mortgage loan itself, but also with the services involved in developing, securing and maintaining plaintiffs' loan.  In fact, in an effort to create an appropriate refinancing package, plaintiffs met with defendants' agent three times before finally agreeing on a payment plan that plaintiffs and defendants found acceptable. (citations omitted).

*See also Maraziti v. Fid. Nat. Title Co.*, Case No. E045812, 2009 WL 3067074, at *7 (Cal. Ct. App. Sept. 25, 2009)

> Maraziti did not allege any facts to show that in the course of performing duties as the trustee in foreclosure defendants performed any "services" apart from those necessary to accomplish the foreclosure.  In other words, Maraziti did not allege facts to show that the foreclosure was "a transaction intended to result or which results in the sale or lease of . . . services" to Maraziti.

[9] *See Dion v. Fulton Friedman & Gullace LLP*, Case No. 3:11-cv-2727-SC, 2012 WL 160221, at *3 (N.D. Cal. Jan. 17, 2012) (noting the Ninth Circuit "has liberalized the requirement that affirmative defenses be raised in a defendant's initial pleading and allows affirmative defenses to be asserted in a later motion absent prejudice to the non-moving party" and that "Rule 15 permits Defendants to amend their Answer at any time with the Court's leave").

3
Case No. 5:13-cv-05929-PSG
ORDER GRANTING-IN-PART BMO'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

herein and reserve "the right to assert additional defenses in the event investigation or discovery indicates that it would be appropriate to do so."[10] "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure."[11] The Bonans' attempt to reserve future defenses cannot is not warranted. Because amendment as to this defense would be futile, it is struck without leave to amend.

**D.     The Bonans' Additional Conclusory Affirmative Defenses Must be Struck With Leave to Amend**

BMO also challenges several of the Bonans' other affirmative defenses including: 3 (violations of the Truth in Lending Act), 4 (real estate settlement procedures), 6 (unfair business practices), 7 (waiver), 8 (estoppel), 9 (unclean hands) and 10 (good faith and fair dealing). Because the conclusory allegations stand unsupported by facts pled with particularity,[12] the defenses shall be struck.[13] Because the court is not yet persuaded that amendment as to these defenses would be futile, leave to amend is warranted.

---

[10] *See* Docket No. 14 at 7.

[11] *Solis v. Zenith Capital, LLC*, Case No. 3:08-cv-04854-PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) (citing *Reis Robotics U.S.A., Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006)); *see also J & J Sports Prods., Inc. v. Mendoza-Govan*, Case No. 3:10-cv-05123-WHA, 2011 WL 1544886 (N.D. Cal. Apr. 25, 2011).

[12] *See* Docket No. 14 at 6-7.

[13] *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010).

> Since 2009, courts have been left to decide whether *Twombly* and *Iqbal* apply to the pleading of affirmative defenses. While neither the Ninth Circuit nor any other Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented with the issue have extended *Twombly's* heightened pleading standard to affirmative defenses. *See CTF Dev., Inc. v. Penta Hospitality, LLC*, Case No. 3:09-cv-02429, 2009 WL 3517617, at *7-8 (N.D. Cal. Oct. 26, 2009) ("Under the *Iqbal* standard, the burden is on the defendant to proffer sufficient facts and law to support an affirmative defense"); *see also Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 n.15 (D. Kan. 2009) (citing nine cases applying *Twombly* and *Iqbal* to the pleading of affirmative defenses). Only a few district courts have reached the contrary conclusion. *See, e.g., First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd*, Case No. 08-cv-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009) (finding *Twombly's* analysis of the 'short and plain statement' requirement inapplicable to affirmative defenses); *Romantine v. CH2M Hill Eng'rs, Inc.*, Case No. 09-cv-973,

Any amended answer shall be filed within fourteen days of this order.

**IT IS SO ORDERED.**

Dated: July 1, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

---

2009 WL 3417469, at *1 (W.D. Pa. Oct. 23, 2009) (declining to apply *Twombly* to either affirmative or negative defenses).